IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| Richard Manley, Individually, and Paul Manley, Individually and as a Representative of the Estate of Harold Manley Jr., § § § § § | | Civil Case No. 4:19-cv-123-ALM |
| Plaintiffs, § | | |
| vs. § § | | |
| FCA US LLC, § § | | JURY |
| Defendant. § | | |

**DEFENDANT FCA US LLC'S MOTION TO EXCLUDE
THE LIABILITY OPINIONS OF PLAINTIFFS' EXPERT ANDREW RENTSCHLER**

Comes now, Defendant FCA US LLC (**"Defendant"** or **"FCA US"**), and pursuant to Federal Rules of Evidence 702-703 and well-established precedent, files this motion to exclude the liability opinions of Plaintiff's retained biomechanic expert, Andrew Rentschler (**"Rentschler"**). In this automotive product-liability lawsuit, Plaintiffs retained Rentschler to provide biomechanical opinions, but in his report, he has also provides liability opinions regarding an alleged defect in the subject vehicle. *See* **Exhibit A**. FCA US seeks to exclude those liability opinions because Rentschler is not qualified by knowledge, skill, experience, training or education to render such opinions. *See* FED. R. EVID. 702(a). As support for the above grounds for exclusion, FCA US respectfully offers this Court the following arguments, evidence, and legal authorities.

I.
**RELEVANT BACKGROUND**

The factual and procedural background is set forth in detail in FCA US's Motion to Exclude the opinions of Michael Stichter. *See* Dkt. No. 53. So the Court is not forced to review that background twice, FCA US hereby incorporates that background herein by reference. *See* FED. R. CIV. P. 10(c). As directly relevant to this motion, Plaintiffs retained Rentschler to provide biomechanical opinions including the kinematics of Harold Manley, Jr.'s body during the crash and injury mechanisms. *See* **Exhibit A**. However, in his report, Rentschler attempts to provide two liability opinions regarding an alleged design defect in the vehicle. *Id.* at p. 15, ¶4. FCA US now files this motion seeking to exclude those liability opinions because Rentschler is not qualified to render those opinions.

II.
**ARGUMENTS AND LEGAL AUTHORITIES**

"The burden is on the proponent of the expert testimony to establish its admissibility by a preponderance of the evidence." *Orthoflex, Inc. v. ThermoTek, Inc.*, 986 F. Supp. 2d 776, 783 (N.D. Tex. 2013) (citations omitted). More specifically, "[t]he court may admit proffered expert testimony only if the proponent, who bears the burden of proof, demonstrates that (1) the expert is qualified, (2) the evidence is relevant to the suit, and (3) the evidence is reliable." *Id.* Plaintiffs are unable to satisfy their burden on these requirements for Rentschler's testimony in this case.

In this case, Rentschler's liability opinions must be excluded because he is not qualified. "Whether a witness is qualified to testify on a matter is a preliminary question to be decided by the Court." *Alvarado v. Conmed Corp.*, No. CIVAEP06CV0198-KC, 2008 WL 2783510, at *5 (W.D. Tex. Mar. 13, 2008). With regard to that preliminary inquiry, Rule 702 "requires courts to determine whether the expert is qualified 'by knowledge, skill, experience, training, or education'

to render an opinion," and as noted "[t]he party seeking to use the expert's testimony has the burden to show that the expert is qualified within the meaning of this rule." *Reitz v. City of Abilene*, No. 1:16-CV-0181-BL, 2018 WL 6181493, at *5 (N.D. Tex. Nov. 27, 2018). "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Orthoflex, Inc.*, 986 F. Supp. 2d at 782 (citations omitted).

In his report, Rentschler offers the biomechanical opinions that he was retained to provide, but he also goes beyond his retention and area of expertise and offers the following opinions regarding an alleged design defect in the subject vehicle's seat:

- "the seat back failure and excessive slack in the seat belt was the mechanism for Mr. Manley's fatal injuries."

- "The seatback within the subject Jeep Grand Cherokee failed to perform the intended function . . . An alternative design that prevented the ramping and aforementioned secondary impact, would have prevented Mr. Manley's fatal injuries."

*See* **Exhibit A** at p. 15, ¶¶3 & 4.  Plaintiffs, however, are unable to satisfy their burden of establishing Rentschler is qualified to offer those liability opinions because as Rentschler's CV reveals, he does not have the requisite education, training, or experience to provide relevant and reliable opinions in the area of seatback design. *See* **Exhibit B**.  That is the reason Plaintiffs hired a separate expert to provide opinions regarding an alleged defect in the seat. Given Rentschler's lack of qualifications, his opinions regarding an alleged design defect and an alternative design must be excluded.

## III.
### CONCLUSION AND PRAYER FOR RELIEF

In conclusion, for all of the reasons set forth above, Defendant FCA US, LLC respectfully requests for this motion to be granted in its entirety, for the Court to enter an Order excluding Andrew Rentschler's liability opinions in this case, and for any other relief to which it is justly entitled

Respectfully submitted,

**GERMER BEAMAN & BROWN PLLC**

By:      */s/ Roy A. Spezia*
          Roy A. Spezia (Attorney-in-Charge)
          Texas Bar No. 18929560
          Ian M. Lancaster
          Texas Bar No. 24097964

One Barton Skyway
1501 S Mopac Expy, Suite A400
Austin, TX 78746
Telephone: (512) 472-0288
Fax: (512) 472-0721
rspezia@germer-austin.com
ilancaster@germer-austin.com
**COUNSEL FOR DEFENDANT
FCA US LLC**

## CERTIFICATE OF CONFERENCE

     Pursuant to Local Rule 7(h), I hereby certify that on May 3, 2021, I conferred with Plaintiffs' counsel regarding the relief requested in this motion, and Plaintiffs' counsel indicated Plaintiffs opposes this motion.

          */s/ Roy A. Spezia*
          Roy A. Spezia

## CERTIFICATE OF SERVICE

      I hereby certify that on May 3, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Jim Walker
Jim Walker & Associates, PLLC
4925 Greenville Ave., Suite 200
Dallas, TX 75206
Telephone: (214) 227-9812
Facsimile: (972) 434-3052
Jim@jimwlaw.com
**COUNSEL FOR PLAINTIFFS**

                                      */s/ Roy A. Spezia*
                                      Roy A. Spezia