IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| Richard Manley, Individually, | § | |
| and Paul Manley, Individually | § | |
| and as a Representative of | § | |
| the Estate of Harold Manley | § | |
| Jr., | § | |
|     Plaintiffs, | § | Civil Case No. 4:19-cv-123-ALM |
| | § | |
| vs. | § | |
| | § | |
| FCA US LLC, | § | |
|     Defendant. | § | JURY |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE LIABILITY OPINIONS OF PLAINTIFFS' EXPERT ANDREW RENTSCHLER

This product liability case arose after multiple safety systems in the 2011 Jeep Grand Cherokee manufactured by Defendant, resulting in the death of front passenger Harold Manley, Jr. and seriously injury driver Paul Manley. Plaintiffs have designated experts in the fields of accident reconstruction, crashworthiness, and biomechanics to help the jury understand the sequence of events during the crash, design defects in the vehicle's safety systems, and how those design defects caused Harold's death and Paul's injuries.

Defendant's motion asks this Court to prevent Plaintiffs' biomechanics and mechanism of injury expert— Andrew J. Rentschler, Ph.D.— from stating that the vehicle's seat system was defective and available safer alternatives designs would have protected its passengers.  It claims Dr. Rentschler lacks the qualifications necessary to

1

acknowledge those two facts while discussing his biomechanical analysis and findings regarding the mechanism of injury.

Dr. Rentschler's qualifications in the fields of biomechanics, kinetics, and mechanism of injury are not in dispute. He is not being offered as an expert witness on design defects or safer alternative designs. Manley's experts in automobile design, crashworthiness, and accident reconstruction— none of which drew objections from Defendant— will explain what made the Jeep Grand Cherokee dangerous and what safer alternative designs existed at the time of this accident. Dr. Rentschler consulted with those experts when forming his conclusions on biomechanics and mechanism of injury in this case and should be allowed to explain how their expert conclusions combine with his biomechanical analysis. Finally, Dr. Rentschler has the requisite education, training, and experience in automotive engineering, design, and accident reconstruction to provide the expert testimony that Defendant is challenging.

Manley asks this Court to deny Defendant's motion.

## DR. RENTSCHLER'S QUALIFICATIONS AND THE SCOPE OF HIS EXPERT TESTIMONY

Paul Manley designated Andrew Rentschler, Ph.D. as an expert in biomechanics, human kinematics, and mechanism of injury. Dr. Rentschler is an expert in all of those fields, which Defendant does not dispute. His testimony will help the jury understand how the Jeep Grand Cherokee's defective design caused Harold Manley's death and injured Paul Manley by failing to protect them during the crash.

Dr. Rentschler's education, training, knowledge, and skill combined with more than twenty years of experience qualify him as an expert on the subjects discussed in his expert report. (Rentschler Rpt., ECF 54-1; Rentschler CV, ECF No. 54-2.) His education includes a bachelor of science in mechanical engineering and minor in biomedical engineering from Carnegie Mellon University as well as masters and doctorate degrees in bioengineering from the University of Pittsburg. (Rentschler CV 1.)

As it relates to vehicle seating design, Dr. Rentschler has conducted dynamic vehicle and underbody blast testing to evaluate and design new a seating restraint system for the military.[1] *Id.* He has researched injury mechanisms and contributed to the design of vehicles for the mitigation of injury. *Id.* at 2. Dr. Rentschler has actively participated in investigating and determining the causes and circumstances of accidents as a forensic engineer and accident reconstructionist. *Id.*

Dr. Rentschler's professional memberships include the Society of Automotive Engineers and the American Society of Mechanical Engineers. *Id.* He has completed advanced coursework in musculoskeletal biomechanics, kinematics, injury tolerance, biomaterials, physics, statics and dynamics, physiology and anatomy, impact mechanics, and materials engineering. (Rentschler Rpt. 1.) His advanced coursework

---

[1] Dr. Rentschler's mechanical and biomechanical engineering experience also extends to seating design and safety in both manual and power-assisted wheelchairs. (Rentschler CV 3–4.) This includes co-authoring peer reviewed publications on fatigue strength, frame design, and frame failures. *Id.*

through the Society of Automotive Engineers specifically includes vehicle accident reconstruction as well as automotive federal regulations. (Rentschler CV 2).

According to his report, Dr. Rentschler reviewed and analyzed an extensive body of material related to the accident investigation, medical records, autopsy records, testing of subject vehicle, surrogate kinematic testing on exemplar vehicles, and consulted with Plaintiffs' experts in accident reconstruction and crashworthiness prior to reaching the opinions in his report. (Rentschler Rpt. 3–7, 11–15.) The information Dr. Rentschler gathered from accident reconstructionist Daniel Wolfe, PhD. and crashworthiness expert Michael L. Markushewski, B.S.M.E.T. and his application thereof are summarized in his expert report. *Id.* Their ultimate conclusions about the sequence of the crash and the 2011 Jeep Grand Cherokee's defective seat design are clear and consistent with Dr. Rentschler's biomechanical findings.

Recognizing Dr. Rentschler's expertise in biomechanical engineering and mechanism of injury, Defendant directed its qualifications objections to two phrases and one sentence within Dr. Rentschler's report that Defendant describes as "liability opinions" about seat back design:

> - "the seat back failure and excessive slack in the seat belt was the mechanism for Mr. Manley's fatal injuries."
>
> - "The seatback within the subject Jeep Grand Cherokee failed to perform the intended function . . . An alternative design that prevented the ramping and aforementioned secondary impact, would have prevented Mr. Manley's fatal injuries."

(Def.'s Mot. Exclude Rentschler 3, ECF No. 54.)

A plain reading of Dr. Rentschler's report reveals Defendant's characterization of these isolated statements and Dr. Rentschler's qualifications are incorrect for three reasons:

1. Dr. Rentschler's education, knowledge, skills, and experience qualify him an expert in determining the *mechanism of injury* responsible for Harold Manley, Jr.'s death. (Defendant's first bullet point.)

2. Dr. Rentschler's own education, knowledge, skill, and experience establish qualify him to off expert testimony on the "liability opinions" above.

3. Dr. Rentschler's identification of the 2011 Jeep Grand Cherokee's design defects and recognition of a safer alternative design are based on conclusions reached by Plaintiffs' experts in crashworthiness and accident reconstruction.

Defendant's mischaracterization of Dr. Rentschler's opinions and its myopic portrayal of his qualifications should be rejected. Paul Manley asks this Court to deny Defendant's motion.

## ARGUMENT AND AUTHORITIES

Defendant's motion essentially asks the Court to prevent Dr. Rentschler from referring to its vehicle as defective during his testimony even though Manley's other experts, who are unchallenged, will testify to exactly that fact. This attempt to divorce Manley's design defect evidence from his expert evidence on biomechanics and the mechanism of injury does not comport with the standards for determining the admissibility of expert testimony.

## I.    Rejecting expert testimony is the exception not the rule.

This Court's "role as gatekeeper is not intended to serve as a replacement for the adversary system." FED. R. EVID. 702, Advisory Committee Notes to 2000 Amendments (quoting *United States v. 14.38 Acres of Land Situated in Leflore County, Mississippi*, 80 F.3d 1074, 1078 (5th Cir. 1996)). Rejecting expert testimony "is the exception rather than the rule." *Id.*; *see also Johnson v. Samsung Elecs. Am., Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011).    Cross examination, presenting contrary evidence, and instructing the jury regarding the burden of proof are most often the appropriate means for challenging expert testimony. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595 (1993).

According to Federal Rule of Evidence 702, a witness may be qualified as an expert by knowledge, skill, experience, training, or education. FED. R. EVID. 702. "Expertise in the general area is required, but not expertise in the specialized area directly pertinent to the issues in question." *Norris v. Kawasaki Motors Corp, USA*, No. H-16-2424, 2018 WL 3729572, at *2 (S.D. Tex. Aug. 6, 2018) (citing *United States v. Marler*, 614 F.2d 47, 50 (5th Cir. 1980)). Absent unusual circumstances, "if there is some reasonable indication of qualifications, the court may admit the expert's testimony, and then the expert's qualifications become an issue for the trier of fact." *Valencino v. Cole*, No. 20-76, 2021 WL 1422940, at *3 (E.D. La. Apr. 15, 2021) (citing *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496 (5th Cir. 1999) *superseded by statute on other grounds* as stated in *Mathis v. Exxon Corp.*, 302 F.3d 448, 459 n.16 (5th Cir. 2002)).

Defendant asks this Court to go beyond the role of gatekeeper. The objections it makes go to the weight of Dr. Rentschler's testimony, not its admissibility. Its motion should be denied.

## II.     Dr. Rentschler's expertise in biomechanical engineering includes expertise in injury mechanisms.

Dr. Rentschler's expertise in biomechanical engineering *is undisputed*. The first "liability opinion" about seat design Defendant complains about is not an opinion about that at all. Instead, it is an opinion about injury mechanisms that falls within the science of biomechanical engineering.[2] Defendant claims that the following statement is a "liability opinion" that Dr. Rentschler is not qualified to offer: "the seat back failure and excessive slack in the seat belt *was the mechanism for Mr. Manley's fatal injuries*." (Def.'s Mot. to Exclude Rentschler 3) (emphasis added). Defendant is incorrect.

As Rentschler's expert report explains, studying injury mechanisms is a fundamental aspect of biomechanical science and biomechanical engineering. (Rentschler Rpt. 4.) The complained of statement, when read in context, expresses Dr. Rentschler's conclusion about the injury mechanisms responsible for Harold Manley's

---

[2] "Biomechanical engineering applies the principles of mechanics to the facts of a specific [event] and provide[s] information about the forces generated in that [event], and may explain how the body moves in response to those forces, and [] determine what types of injuries would result from the forces generated." *Ramirez v. Escajeda*, No. 17-CV-00193-DCG, 2021 WL 1131721, at *10 (W.D. Tex. Mar. 24, 2021) (internal quotations omitted). "[B]iomechanical engineers are qualified to determine what injury causation forces are in general and can tell how a hypothetical person's body will respond to those forces." *Id.* (internal quotations omitted).

death based on his examination of the evidence as a biomechanical engineer. The pertinent part of his report actually states:

> 3. The injury mechanisms responsible for Mr. Manley's head injuries dictate that he experienced a secondary impact to the top of his head against the second row seatback. Mr. Manley's response to this secondary impact was sufficient to generate the injury mechanisms responsible for his fatal injuries. Therefore, the seat back failure and excessive slack in the seat belt was the mechanism for Mr. Manley's fatal injuries.

(Rentschler Rpt. 15).

Other courts have rejected similar qualification challenges to biomechanical engineering experts. *See Herrera v. Werner Enterprises, Inc.*, No 14-CV-385-XR, 2015 WL 12670443, at *3 (W.D. Tex. Sept. 28, 2015) (holding biomechanical engineer was "qualified to testify about all matters relating to biomechanics and accident reconstruction, including the forces in the accident, the damage to the vehicles, and the injury causation forces in the accident and their hypothetical effect on the human body."); *Allen v. Ford Motor Co.*, No. 9:09-CV-100, 2010 WL 3791037 (E.D. Tex. Sept. 23, 2010) (biomechanical engineer permitted to testify as to how occupant received her injuries and identify the "conditions that could have, if they existed, prevented or lessened the injuries"); *Reynoso v. Ford Motor Co.*, No. B-03-120, 2005 WL 5994183 (S.D. Tex. Sept. 27, 2005) (expert testimony about the forces which led to the plaintiff's various injuries based on his observations of the wear on the her seatbelt and the headliner of her vehicle was testifying about biomechanical analysis).

Dr. Rentschler's testimony does not venture into the arena of design defect but rather explains how the force of accident together with condition created by the design defects identified by Manley's other experts were injury causing forces. Defendant's motion to exclude his testimony should be denied.

## III.    Dr. Rentschler's qualifications include automotive seat design and safety.

Even if the Court agrees with Defendant's characterization that the contested opinions address seat design defect, Dr. Rentschler possesses the requisite expertise to opine that the Jeep Grand Cherokee seats were defectively designed and that alternative designs that prevented ramping and secondary impact would have prevented Harold Manley's death. Both Dr. Rentschler's curriculum vitae and his report show that his expertise extends beyond biomechanical engineering to accident reconstruction and seat design safety. He is a mechanical engineer with who has worked as forensic engineering throughout his career.

As a member of the Society of Automotive Engineers and other similar professional organizations, Dr. Rentschler professional education includes vehicle design safety and safety standards. Dr. Rentschler's research, testing, and investigations have contributed to designing safe seating and restraint systems for the military, vehicles, and wheelchairs. His knowledge about automotive seat design rises above that of a lay person and the opinions he offers do not go beyond his expertise on those topics. That is enough to qualify him as an expert and overrule Defendant's

objections. *See Zoch v. Daimler, A.G.*, No. 4:17-cv-578, 2018 WL 4610569, at *3–4 (E.D. Tex. Sept. 25, 2018) (mechanical engineer's curriculum vitae included multiple items relating his experience in analyzing automotive structures and seat design and industry experience qualified him to testify as an expert on automotive accidents, design and structure, and safety).

Simply put, Defendant's criticisms about Dr. Rentschler's qualifications go to the weight, not admissibility. They are better suited for cross-examination, not blanket exclusion. Paul Manley asks this Court to deny Defendant's motion.

## IV.    Dr. Rentschler permissibly relies on Manley's accident reconstruction and crashworthiness experts.

Finally, as an expert in biomechanical engineering and accident reconstruction, Dr. Rentschler is permitted to consult with experts in related fields such as automotive design and crashworthiness. And that is exactly what he did. Dr. Rentschler's report summarizes the information he obtained from Manley's other experts and explains how he applied their expert conclusions to his biomechanical analysis. His acceptance of those undisputedly reliable opinions does not change the scope of his testimony or render him unqualified to testify as an expert in this case.

Both *Daubert* and the Federal Rules of Evidence permit an expert to rely on the opinions and reports of other experts in forming his own expert opinion. 509 U.S. at 592; Fed. R. Evid. 702 Advisory Committee Notes to 2000 Amendments ("The term data is also intended to encompass the reliable opinions of other experts."). Such reliance

does not render an expert unqualified to offer testimony within a related field of expertise. The practice is common in cases that require experts of multiple disciplines.

As the Fifth Circuit explained in *Green v. Schutt Sports Mfg. Co.*, 369 Fed. Appx. 630, 639 (5th Cir. 2010):

> These witnesses—three medical doctors and one biomechanical engineer—testified as to the physical effects and biomechanics of the manner in which [player] executed the tackle and their opinions regarding design of a helmet to prevent injury in these circumstances. Each had extensive experience studying neck injuries sustained by football players. Their expert knowledge was sufficiently established to permit such testimony.

*See also Personalized Media Commc'ns., LLC v. Apple, Inc.*, No. 2:15-cv-01366, 2021 WL 662237, at *3 (E.D. Tex. Feb. 20, 2021) (expert's reliance on industry technical expert in forming opinions about non-infringement alternatives did not render relying expert unqualified).

Again, Defendant's objections to Dr. Rentschler's qualifications fail and it's motion should be denied.

## CONCLUSION AND PRAYER

For the reasons set forth above, Plaintiffs ask this Court to deny Defendant's Motion to Exclude Plaintiffs' Expert Andrew Rentschler in all respects and grant Plaintiffs any other relief to which they may be entitled.

Respectfully submitted,


Heather Lynn Long
State Bar No. 24055865
HEATHER LONG LAW PC
4310 N Central Expressway
Dallas, Texas 75206
Telephone: 214-699-5994
Facsimile: 877-755-9766
heather@heatherlonglaw.com

James "Jim" Walker
State Bar No. 24042111
JIM WALKER & ASSOCIATES, PLLC
4925 Greenville Avenue, Suite 200
Dallas, Texas 75206
Telephone: 214-227-9812
Facsimile: 972-434-3052
jim@jimwlaw.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Roy A. Spezia
Ian M. Lancaster
GERMER BEAMAN & BROWN PLLC
1501 S. Mopac Expressway, Suit A400
Austin, Texas 78746
Telephone: 512-472-0288
Facsimile: 512-472-0721
rspezia@germer-austin.com
ilancaster@germer-austin.com

ATTORNEYS FOR DEFENDANT

_____
Heather Lynn Long